(88 South. 253)

No. 24170.

Succession of GHEENS.

(Feb. 28, 1921. Rehearing Denied April 4, 1921.)

*(Syllabus by Editorial Staff.)*

**1. States ⊙⇒4 — Transmission and devolution of property exclusively in control of sovereign state.**

The rules of transmission and devolution of property are exclusively within the power and control of the individual sovereign state, and if it sees fit it may ordain that no one shall inherit the estate of a deceased person, and that the entirety shall inure to the public fisc, in which event the national government would be powerless to impose any tax or burden thereon, for such imposition would be an encroachment on the state sovereignty by the powers delegated under the federal Constitution.

**2. Internal revenue ⊙⇒8—Federal tax held not on estate but on transfer.**

Tax levied under Revenue Act Sept. 8, 1916, title 2 (U. S. Comp. St. §§ 6336½a–6336½m), purports to be assessed against the estate of a decedent, but in fact is only a tax upon the transfer thereof to those whom the law or the decedent has given it, since if it were upon the estate itself it would be a direct tax, and the statute would be in conflict with the federal Constitution, requiring all direct taxes to be levied according to population.

**3. Taxation ⊙⇒895(7)—Federal taxes should not be deducted from mass before computing state inheritance tax.**

Amount paid the collector of the United States under Revenue Act Sept. 8, 1916, title 2 (U. S. Comp. St. §§ 6336½a–6336½m), should not be deducted from the estate of a deceased person before computing the sum to the state as inheritance tax under Acts 1906, No. 109.

Appeal from Civil District Court, Parish of Orleans; Wynne G. Rogers, Judge.

In the matter of the Succession of John R. Gheens. Proceeding to determine amount of inheritance tax. From a judgment fixing the tax, an appeal is taken. Affirmed.

Borah, Himel, Bloch & Borah, of Franklin, for Charles W. Gheens, Ernest M. Loeb, and Fidelity & Columbia Trust Co., plaintiffs in rule and appellants.

Harry P. Gamble and Edward Rightor, both of New Orleans, for appellee Thomas Connell, Inheritance Tax Collector.

DAWKINS, J. This is a proceeding to determine the amount of inheritance tax which is due by the heirs of deceased, and presents only a question of law, i. e., should the amount paid the federal government ($43,617.-37) under the Revenue Act of September 8, 1916, title 2 (Fed. Stat. Ann. 1918, Supp. p. 305, U. S. Comp. St. §§ 6336½a–6336½m), be deducted from the mass before computing the sum due the state?

[1] In determining this question, we begin with the fundamental principle that the rules of transmission and devolution of property are exclusively within the power and control of the individual sovereign state. If it sees fit, it may ordain that no one shall inherit the estate of a deceased person, and that the entirety shall inure to the public fisc, in which event the national government would be powerless to impose any tax or burden thereon, for such imposition would be an encroachment upon state sovereignty not authorized by the powers delegated under the federal Constitution. Therefore, for the same reason, Congress was without right to impose upon that portion of the estates of deceased per-

sons exacted by the Legislature for state needs any tax of any kind. In fact, the act of 1916, as amended by the act of March 3, 1917, in our opinion, does not attempt to tax the transfer of anything but the net amount of assets, after all charges, under state laws, including state taxes, have been paid.

Section 201 of the Federal Statutes reads:

"Sec. 201. That a tax (hereinafter in this title referred to as the tax), equal to the following percentages of the value of the *net* estate to be determined as provided in section two hundred and three, is hereby imposed upon the *transfer* of the *net* estate of every decedent dying after the passage of this act, whether a resident or nonresident of the United States:" (Here follows the scale of percentage based upon amounts.)

Section 202 prescribes what shall be included in the gross value of estates.

Section 203 reads:

"That for the purpose of the tax the value of the net estate shall be determined—

"(a) In the case of a resident, by deducting from the value of the gross estate—

"(1) Such amounts for funeral expenses, administration expenses, claims against the estate, unpaid mortgages, losses incurred during the settlement of the estate arising from fires, storms, shipwreck, or other casualty, and from theft, when such losses are not compensated for by insurance or otherwise, support during the settlement of those dependent upon the decedent, *and such other charges against the estate, as are allowed by the laws of the jurisdiction*, whether within or without the United States, *under which the estate is being administered.* * * *"

The remainder of the section deals with the method of determining the net amount to be considered in dealing with nonresidents.

Section 204 provides that the tax shall be paid within one year after decedent's death, and the penalties that shall accrue for failure to do so.

Section 205 prescribes the reports that shall be made by the representatives of estates, beginning 30 days after qualifying, and its terms are very elastic, depending upon the difficulties which may be encountered.

Section 206 authorizes the collector or deputy collector of internal revenues to make the reports where the estates are not represented, or such representatives fail to do so.

Section 207 deals with the recovery of deficiencies in payments and with the refunding by the Commissioner of Internal Revenue of overpayments.

Section 208 subjects the property of the estate to sale for the payment of the tax, and provides, inter alia:

"If the tax or any part thereof is paid by, or collected out of that part of the estate passing to or in the possession of any person other than the executor in his capacity as such, such person shall be entitled to reimbursement out of any part of the estate still undistributed or by a just and equitable contribution by the persons whose interest in the estate of the decedent would have been reduced if the tax had been paid before the distribution of the estate or whose interest is subject to equal or prior liability for the payment of *taxes, debts, or other charges against the estate*, it being the purpose and intent of this title that so far as is practicable and unless otherwise directed by the will of the decedent *the tax shall be paid out of the estate before its distribution.*"

And section 209 reads:

"That unless the tax is sooner paid in full, it shall be a lien for ten years upon the gross estate of the decedent, *except that such part of the gross estate as is used for the payment of charges against the estate and expenses of its administration, allowed by any court having jurisdiction thereof, shall be divested of such lien.*" (Italics by the court.)

We are of the opinion that Congress intended, in arriving at the "net estate," to have deducted all charges, whether due as debts of the estate or imposed by the state law, such as taxes, etc., and that this intention is clearly indicated by the use of the words in paragraph 1 of subsection (a), section 203 (above quoted) "such other charges against the estate, as are allowed by the laws of the jurisdiction." Even if there were doubt as to whether "other charges" included taxes, the last sentence of section 208 above

quoted, giving one who has paid the federal tax, or out of whose share the same has been collected, the right to be reimbursed out of the remainder of the estate before distribution, or from the portion of those "whose interest is subject to equal or prior liability for the payment of taxes, debts, or other charges against the estate," seems to put the matter beyond question; for "taxes" and "other charges" are here placed in the same class. And in creating a lien upon the estate for the payment of the tax, the 209th section specifically excludes from its operation "such part * * * as is used for the payment of charges against the estate and expenses of administration," thus demonstrating the purpose to have such claims against the property arising under the state law prime the federal tax.

Then again, as pointed out by the attorney for the tax collector herein, the Congress could not impose upon that part which comes to the state any tax, the power to tax being equivalent to the power to destroy, for the reason which we have above mentioned, that is, it would be an invasion upon state sovereignty, and we must assume that Congress did not intend to exceed its powers under the Constitution.

[2] It is true that the tax purports to be assessed against the estate, but in truth and in fact it is not, but upon the transfer thereof to those whom the law or the decedent has given it. If it were upon the estate itself, the same would be a direct tax and the statute would be in conflict with the federal Constitution, requiring all direct taxes to be levied according to population. Article 1, § 2, cl. 3; article 1, § 9, cl. 4. What it really seeks to do is merely to concentrate the collection of the tax upon the net mass of the estate at its source, and as a matter of convenience, before being distributed. However, it is none the less a tax upon the transfer to each individual of his part of the decedent's estate.

Then again, until the point is reached when the property or estate becomes susceptible of transfer under the state law, the latter having the right to say when and under what circumstances it shall pass, there is no transfer, and therefore nothing upon which the federal tax can operate.

[3] Instead of being imposed on the transfer of the estate in globo like the federal tax, our law (Act 109 of 1906) provides:

"There is now and shall hereafter be levied * * * on all inheritances, legacies and other donations mortis causa * * * a tax of * * * per centum on the amount or the actual cash value thereof at the time of the death of the decedent." Section 1.

Like the federal law, it provides for exemptions and deductions in figuring the amount due. Section 3 makes it unlawful for any one to take possession or dispose of any property of a party deceased without an order of court as otherwise provided in the act. It further provides the proceeding (section 4) by which the amount of the tax shall be determined, and requires that the court having jurisdiction shall render judgment therefor. Section 5 provides that the succession representative shall pay the amount of the tax "on each inheritance, legacy, or donation, out of the funds comprised therein, if sufficient," and if there be not sufficient funds that the property comprising such inheritance legacy or donation shall be sold to pay the tax due thereon. And section 16 reads:

"Each inheritance or legacy is indivisible, and must be accepted or renounced for the whole; and the heir or legatee shall not be entitled to be placed in possession of the same, and *shall be without right or capacity* to alienate any part thereof, *until the tax on the whole shall have been fixed and paid*, or until it shall have been judicially determined, in the manner herein provided, that no part of the same is subject to the tax imposed by this act."

In other words, the estates of all deceased persons, under this (state) statute are, in effect, placed in custodia legis, without right in the heirs to take or possess any part thereof until the state's share, if any, has been first ascertained and either paid out of the res or by the heir. If paid out of the mass (payment being a condition precedent to its passing), as would be the case if paid by the succession representative or from the proceeds of the things inherited, or donated, then the residue alone would be transferred, and that portion which went to the state could not be said to have ever been transferred to the heir. If the heir paid it out of his pocket, the right to reimbursement would be in the nature of a "charge allowed by the law of the jurisdiction" upon the estate, or at least his part thereof; for, as we have heretofore shown, while the federal statute in some of its expressions purports to tax the estate, still it does nothing of the kind, and what it meant to say and did say was that all local charges against the thing on which it was levying (the transfer) should be computed and deducted before calculating the tax.

We have discussed thus at length the federal tax for the purpose of showing, first, that, in our opinion, the same does not and could not affect or control the state in any manner in the imposition of its own taxes; and, second, that Congress did not so intend. Hence whatever amount has been paid to the tax collector of the United States is a matter between it and the heirs or succession representative, and cannot be considered in fixing the amount of inheritance tax due the state. The statute fixes it in this case at 2 per centum upon the amount of the actual cash value of each inheritance or donation at the time of the death of the decedent. The judgment of the lower court so decreed, and it is accordingly affirmed.