HAMITER, Justice
 

 (dissenting).
 

 To correctly decide the question presented by this appeal, which is whether the Federal estate tax should be deducted before computing the Louisiana inheritance tax owed by a residuary legatee, it is necessary, in my opinion, to recognize the ■distinction between an estate, or a transmission, tax and an inheritance tax, and then to determine to which of those categories the tax levied by Act 127 of (Ex. Sess.) 1921 belongs.
 

 If the Louisiana inheritance tax be a transmission tax, the question requires a negative answer; if an inheritance tax, an affirmative answer.
 

 That the two kinds of taxes are distinguishable is ably pointed out in Cooley’s The Law of Taxation, 4th Ed., Vol. 4, Sec. 1722, as follows: “These taxes are sometimes divided into (1) inheritance taxes and (2) estate taxes according to whether the tax is. based on the estate or interest of the deceased or the estate or interest of the living, i.e., the heirs or devisees. An ‘estate tax’ taxes not the interest to which some person succeeds on a death, but the interest which ceased by reason of the death; while an ‘inheritance tax’ is based on the interest to which the living succeeds. The tax on the right to receive property under a will is to be distinguished from the tax on the right to transmit it. , In most states the tax is based on the right to receive property; but in some states the tax is on the right to transmit; and the federal statute is of the latter kind.”
 

 In reaching the majority holding in this case recognition is not given to this distinction. Rather, it is assumed that our state inheritance tax is substantially identical in character with the Federal estate tax and that both are transmission taxes. Thus, in the opinion, the following comment (the major premise for the conclusion
 
 *726
 
 reached) is offered: “The appellant contends that an inheritance tax is a tax upon the right to receive property and cannot be based on any property other than that actually received by the legatees on distribution. Such a proposition has a certain deceptive appeal, but it is not founded upon sound taxation theory. The federal estate tax is a tax levied upon the transfer _ of the net estate, while the state inheritance tax is a tax upon legacies, inheritances, and donations. Neither is a property tax. Both are on the transmission of the property. The estate tax is upon the transfer of the whole of the estate transferred from the dead to the living, irrespective of its component parts or roots. The inheritance tax, likewise, is a tax upon the transmission of the estate from the dead to the living, but it is levied upon the component parts or roots. Although there are substantial practical administrative differences in these two taxes, there is no inherent substantive difference. * * * ”
 

 It is my studied conviction that the Legislature intended that the tax levied by Act 127 of (Ex.Sess.) 1921 (our Inheritance Tax Law) should be a tax assessed against the right to receive the property, not one against the right to transmit it.
 

 To ascertain the legislative intent with respect to that law there must be applied the rule of strict construction, applicable in the interpretation of all tax statutes. This rule is well stated in Cooley’s The Law of Taxation, 4th Ed., Vol. 4, Sec. 1733, thus: “Like other tax statutes, an inheritance law should be construed strictly against the government and in favor of the taxpayer. The tax is ‘a special tax and the law imposing it is required to be construed strictly against the government and in favor of the taxpayer.’ ” See also Cabot v. Commissioner of Corporations and Taxation, 267 Mass. 338, 166 N.E. 852, 64 A.L.R. 1277; People v. Keshner, 332 Ill 608, 164 N.E. 137; In re McAlpin’s Estate,
 
 166
 
 Misc. 333, 2 N.Y.S.2d 260; Bank of Commerce & Trust Co. v. McLemore, 162 Tenn. 137, 35 S.W.2d 31.
 

 The 1921 statute does not expressly forbid the deduction of federal taxes in computing the inheritance tax; neither does it term the tax levied thereby an estate or a transmission tax. The Legislature could easily have included provisions of this kind had it desired to do so. Further, there is nothing whatever in the Act even indicating that a transmission or an estate tax was intended. On the other hand, the title and the several provisions of the statute refer to the tax as being levied upon every inheritance, legacy, donation or gift made in contemplation of death. From this, surely, it can not be concluded that the tax was intended to be levied on the right of the deceased to transfer his property; rather, the terminology used implies, in my opinion, the placing of a tax on whatever the beneficiary receives — ■ the beneficial interest
 

 
 *728
 
 But even should it be concluded that the statute is ambiguous, with reference to the question of whether a transmission tax was intended (the most favorable position for the tax collector that can possibly be assumed), in such case the taxpayer should prevail. All doubts, according to the applicable rule of strict construction, must be resolved in favor of the taxpayer.
 

 Admittedly, there are decisions of courts of other jurisdictions holding to the view of the majority herein, which is that a state inheritance tax is on the transmission of the property. But in most of those the statutes interpreted either expressly forbid the deducting of the federal taxes, or, by their language, indicate strongly intentions of the respective legislatures to tax the transfer of the property, not the receipt of it. Among the decisions thus referred to are Hazard v. Bliss, 43 R.I. 431, 113 A. 469, 23 A.L.R. 826, and In re Fish’s Estate, 219 Mich. 369, 189 N.W. 177, both of which are cited in the majority opinion.
 

 As to the case of Succession of Gheens, 148 La. 1017, 88 So. 253, 16 A.L.R. 685, I do not concede that it is indistinguishable from the instant cause. Assuming, however, that the making of a distinction is impossible, the holding therein, in my opinion, should not be followed in deciding the issue here. The court there, as a close reading of the opinion discloses, concerned itself wholly with a consideration of the rights of the federal government, under the federal statute, as opposed to those of the state; it gave little, if any, attention to the rights of the taxpayer. The state statute (Act 109 of 1906) was not analyzed with the view of determining the intention of the Legislature; and nowhere in the opinion is it declared that the tax thereby levied is on the transmission of the property, rather than on the right to receive or inherit.
 

 From a practical, if not from a theoretical standpoint, the requirement that the federal estate tax be included in the computation of the state inheritance tax is nothing more or less than the imposing of a tax on a tax, the doing of which, in my opinion, is unjust, unconscionable, confiscatory. Of course, I recognize that the United States Supreme Court observed in Frick v. Commonwealth of Pennsylvania, 268 U.S. 473, 45 S.C. 603, 608, 69 L.Ed. 1058, 42 A.L.R. 316, that when the federal estate tax is not deducted “what the state is taxing is the transfer of particular property, not such property depleted by the federal tax.” In the Frick case, however, the state statute under consideration specifically forbade the deduction of the federal taxes; and, further, the question before the court was not how the state statute should be construed, but whether, as construed by the state court, it was constitutional. Then, too, the quoted observation of the United States Supreme Court was theoretically, not practically, predicat
 
 *730
 
 ed. Whether it be sound or not, even considering the statute involved and the question before the court, I reserve comment.
 

 I respectfully dissent.
 

 HAMITER, J., dissents from the refusal to grant a rehearing.