HAWTHORNE, Justice.
 

 Eileen Lynn and William Harcourt Lynn, Jr., residuary legatees named in the will of Herbert Martin, deceased, both residents of the State of New York, together with the executor of Martin’s estate, caused a rule to issue directed to J. Howell Flournoy, sheriff and ex officio tax collector of the
 
 *569
 
 State of Louisiana for Caddo Parish, ordering him to show cause why it should not be decreed that no inheritance tax is due the State of Louisiana in the succession of Herbert Martin. After answer filed by the tax collector, the rule was heard and was made absolute by the district court, and accordingly it was decreed that no inheritance tax is due to the state in the Herbert Martin succession. From this judgment the tax collector has appealed.
 

 For a proper understanding of the question presented by this appeal it is necessary that we briefly state the following relevant facts:
 

 Newton Blanchard Smith died in the State of New York where he was domiciled and resided. He left a will in which he named three residuary legatees — Mrs. Mary Emily Barrett Marshall, Miss Sarah E. Barrett, and Herbert Martin — in the proportion of an undivided one-third interest each. In due course Smith’s will was probated in Louisiana, and the First National Bank of Shreveport, named in the will as executor with seizin of the entire Louisiana estate of the decedent, qualified.
 

 On August 21, 1955, while the Smith succession was under administration, Herbert Martin, one of the residuary legatees under Smith’s will, died at his domicile in New York City without having accepted the legacy bequeathed to him by Smith. At the time of his death Martin had received no property whatever from the executor, First National Bank of Shreveport, and at the time the rule was tried in the court below, the executor had made no distribution of any property to any legatee under the Smith will.
 

 The decedent Martin left a will in which he named William Harcourt Lynn, Jr., and Eileen Lynn as residuary legatees. The succession of Herbert Martin was opened in the district court of Caddo Parish, Louisiana, and the executor qualified. In due course the judgment was rendered on the rule from which this appeal was taken.
 

 After the opening of both successions the executor of the succession of Newton Blanchard Smith obtained an order of court directed to the estate of Herbert Martin, the Lynns, and the sheriff and inheritance tax collector, ordering them to show cause why the Louisiana state inheritance tax due on account of the legacy originally stipulated in favor of Herbert Martin in Smith’s will should not be fixed in the Smith succession, and why the executor should not be authorized to pay the tax in the amount fixed by final judgment of the court.
 
 [1]
 

 
 *571
 
 Pursuant to an order of the court this rule in the Smith succession was heard jointly with the rule issued in the succession of Martin. The district judge decreed that there was no inheritance tax due to the State of Louisiana in the succession of Herbert Martin and rendered and signed a judgment to this effect. He also decreed that a Louisiana inheritance tax of $4,683.81 was due in the Smith succession on account of the legacy originally stipulated in favor of Herbert Martin in Smith’s will, and authorized the executor to pay the amount of this tax. The tax collector has appealed to this court from the judgment rendered in the Martin succession decreeing that there was no inheritance tax due to the state.
 

 It is conceded, and it is important to remember at all times in our discussion of the issue here presented, that decedent Herbert Martin owned no property or rights to property in Louisiana except such as pertained to and arose from the legacy to him under the will of Newton Blanchard Smith, and that he died without having accepted the legacy bequeathed to him, and,
 
 in fact,
 
 at the time of his death had not received any property from the executor of the Smith estate.
 

 In this appeal no question is presented with respect to the inheritance taxes due the state in the succession of Smith. It is conceded by appellees that whoever in the Smith succession takes the bequest initially made by Smith to Martin will be required to pay a tax thereon; but they deny that any tax is due in the Martin succession.
 

 Appellees say that the position of the tax collector presents, under the facts of this case, the single question of whether those entitled to receive the property comprised in the legacy made by Smith to Herbert Martin will have to pay the Louisiana inheritance tax twice — once in the Smith succession and again in the Martin succession — in order to receive the property once.
 

 The inheritance tax law of this state in R.S. 47:2401 says: “There is hereby levied a tax upon all inheritances, legacies and donations and gifts made in contemplation of death, except such as are hereinafter specifically exempted.”
 

 To resolve the question here presented we shall first consider the inheritance tax law itself and pertinent decisions of this court dealing with various Louisiana inheritance tax acts. If the answer is found there, it will not be necessary to consider the succession law of the Civil Code. That this is the proper approach has been recognized by this court in cases dealing with inheritance tax law. For instance, in Succession of May, 120 La. 692, 45 So. 551, 554, this court said:
 

 “The. tax is levied upon the theory that the heir or legatee should have in point
 
 *573
 
 of fact received a benefit from the inheritance which falls to him, out of which ‘benefit’ to him a portion (as provided in the taxing law) is made to go to the state. The lawmaker deals with this matter from a practical standpoint, and not from definitions which may be applied in the abstract to the word ‘inheritance.’ * * * ”
 

 In Succession of Pavey, 124 La. 520, 50 So. 518, 520, it was said of Act 109 of 1906, a former Louisiana inheritance tax law:
 

 “Under the sweeping provisions of this statute the court below was the custodian of the estate of Pavey, and the rights of the heirs were in abeyance until recognized by that tribunal. It is useless, therefore, to discuss what the rights of the relator may have been under the Civil Code and prior jurisprudence, as they cannot affect the decision of the present controversy.”
 

 Let us now consider some of the cases decided under the inheritance tax laws bearing upon the issue here to be decided.
 

 In Succession of Levy, 115 La. 377, 39 So. 37, 39, 8 L.R.A.,N.S., 1180, this court stated:
 

 “A succession is an ideal, a juridical person, independent from those having an interest therein.
 

 “It is true, regarding this ideal, this juridical person, that le mort saisie [saisit] le vif; yet the heir must be put in possession, and, until he goes into possession regularly, the succession, as relates to creditors, is considered opened and unsettled.
 

 * * * * * *
 

 “The tax is not a tax upon the property itself, but upon its transmission by will or by descent’.”
 

 It was said in Succession of Stauffer, 119 La. 66, 43 So. 928, 929:
 

 “The law taxes the transmission of the property by will or descent, or, in other words, the succession. * * * By the fiction of the law, ‘le mort saisit le vif,’ the heir is seised of right, but not in fact, until he accepts the succession and is sent into or takes possession according to law. As long as the property is under administration it remains in the custody of the law, and the rights of heirs and legatees are in abeyance until the administration is
 
 closed.
 
 While an inheritance tax is not on the property itself, it is measured by the value of the property actually received by the heir or legatee, and is not exigible or enforceable until the right of seisin is merged into seisin in fact of particular property. The transmission of the property so received is the inheritance taxable under our Constitution and statutes. Hence until this transmission is effected the inheritance is taxable.”
 

 The court further stated in Succession of Gheens, 148 La. 1017, 88 So. 253, 255, 16 A.L.R. 685:
 

 
 *575
 
 “In other words, the estates of all deceased persons, under this (state) statute are, in effect, placed in custodia legis, without right in the heirs to take or possess any part thereof until the state’s share, if any, has been first ascertained and either paid out of the res or by the heir.”
 

 In Succession of Cotton, 172 La. 819, 135 So. 368, 371, this court said:
 

 “The tax is upon the right to take and receive the legacies and not upon the right to give or bequeath them, and hence the tax must be borne by the legatees.”
 

 And in the recent case of Succession of Henderson, 211 La. 707, 30 So.2d 809, 812, it was stated:
 

 “The federal estate tax is a tax levied upon the transfer of the net estate, while the state inheritance tax is a tax upon legacies, inheritances, and donations. Neither is a property tax. Both are on the transmission of the property. The estate tax is upon the transfer of the whole of the estate transferred from the dead to the living, irrespective of its component parts or roots. The inheritance tax, likewise, is a tax upon the transmission of the estate from the dead to the living, but it is levied upon the component parts or roots.”
 

 The above cases from which we have quoted at length make it abundantly clear that under the inheritance tax law of this state the heirs have no right to take or possess any part of an estate which is still in custodia legis until the inheritance tax has been paid; that the inheritance tax is not enforceable until the right of seizin in law is merged into seizin in fact of a particular property; that the tax is upon the right to take and receive the legacies, or is a tax upon the transmission of property from the dead to the living.
 

 In the instant case the transmission of Smith’s property to the living had not yet occurred at the time of Martin’s death. The property bequeathed to Martin by Smith’s legacy was still in Smith’s succession, “an ideal, a juridical person, independent from those having an interest therein”. See Succession of Levy, supra. It is only at the moment that the Lynn heirs are sent into possession of the property comprising the Smith legacy that the transmission from the dead to the living will occur, making the inheritance tax exigible by the state. The Lynn heirs will actually be the ones who pay the inheritance tax to the state when the Smith property is transmitted to them, as it is the heir or legatee who owes the state inheritance tax, which is not a property tax but a privilege tax on the right to inherit or take by will or transfer. See R.S. 47:2401; Succession of Gheens, supra; Foreman v. Fontenot, 131 La. 925, 60 So. 618; Succession of Henderson, supra.
 

 
 *577
 
 Under the Louisiana substantive law of succession, of course, the heir succeeds to the deceased from the instant of death, for the heir can transmit the succession to his own heirs, with the right of accepting or renouncing, although he himself has not accepted. Art. 944, La.Civ.Code; see Succession of Coco, 185 La. 901, 171 So. 70. Hence, in the instant case, Martin succeeded to Smith from the instant of Smith’s death, and so was able to transmit Smith’s legacy to his own heirs, the Lynns, with the right of accepting or renouncing the Smith legacy, although Martin himself did not accept the legacy. However, under the reasoning of this court in the above cases dealing with Louisiana inheritance tax law, Martin was seized of right,
 
 but not in fact,
 
 because he never was sent into possession of his legacy, or even accepted it. The Smith property in Louisiana remained under administration by the Louisiana executor, and hence remained under the custody of the law, and when Martin died his right to the Smith legacy was still in abeyance. Upon the death of Martin, the Lynn heirs were seized of right of the Smith legacy as the residual legatees of Martin, and under the decisions of this court the Louisiana inheritance tax on the Smith legacy will become due when the Lynns’ right of seizin is merged into their seizin in fact of the property bequeathed to Martin by Smith.
 

 In this case the writer of this opinion and the other members of this court are most appreciative of the very excellent and well-written brief submitted to the trial court by the executor of the Smith estate and filed here by counsel for the appellees. This brief cites the law which we think is applicable to the case here under consideration, and the reasoning seems to us to be unanswerable. In fact, we have written this opinion almost entirely from the authorities cited and the argument set forth in this brief.
 

 For the reasons assigned the judgment appealed from is affirmed.
 

 HAMITER, J., concurs in the decree.
 

 SIMON, J., absent.
 

 [1]
 

 . At the time this rule was filed in the Smith succession the executor had already obtained a judgment of the district court fixing the Louisiana state inheritance tax on the inheritance to Mrs. Mary Emily Barrett Marshall at $4,683.81, and on the inheritance to Miss Sarah E. Barrett at the same amount, and these inheritance taxes have been paid.