HERGET, Judge.
Mrs. Belle Hart Bynum, a resident of East Baton Rouge Parish, died intestate August IS, 1960; her succession was opened September 26, 1960 at which time Hart Hampton Bynum, now deceased, and Turner Atherton Bynum, Plaintiff in rule, the children and sole legal heirs of Mrs. Bynum filed a petition accepting the succession of their mother purely, simply and unconditionally and prayed that an inventory of the property be taken. These petitioners had not filed a petition to be placed in possession of the succession of their mother when Hart Hampton Bynum died on October 13, 1960. Subsequent to the death of Hart Hampton Bynum the Succession of Mrs. Belle Hart Bynum was placed under administration upon the petition of plaintiff in rule, Turner Atherton Bynum; Hart Hampton Bynum’s sole presumptive heir, Turner Atherton Bynum, filed a rule against the Sheriff and Tax Collector of the Parish of East Baton Rouge to fix the inheritance tax in the Succession of Hart Hampton Bynum. In this rule Plaintiff alleges that he is entitled to exclude the value of inheritance by Hart Hampton Bynum from Mrs. Belle Hart Bynum in the computation of inheritance tax due the State of Louisiana by Plaintiff in the Succession of Hart *698 Hampton Bynum, -the basis of such contention being that no inheritance tax was due or enforceable against that portion of the Succession of Hart Hampton Bynum which constituted his inheritance from Mrs. Belle Hart Bynum inasmuch as Hart Hampton Bynum was never seized in fact of his inheritance from his mother, he having died prior to being placed in possession of same. Answer was filed to the rule by the Defendant denying the right of Plaintiff to exclude the value of the inheritance by Hart Hampton Bynum from his mother.
Following a hearing of the rule the Trial Court, for written reasons assigned, relying upon the decision of the Supreme Court of this State in the Succession of Martin, 234 La. 566, 100 So.2d 509, rendered judgment in favor of the Plaintiff in rule fixing the taxes as prayed for. It is from this judgment that defendant, Tax Collector, appealed.
The sole issue, therefore, before this Court is the resolution of the question whether or not an inheritance tax is due the State of Louisiana by Turner Atherton Bynum upon the value of inheritance by Hart Hampton Bynum from the succession of his mother, Mrs. Belle Hart Bynum.
The imposition of the inheritance tax in Louisiana is found in LSA-R.S. 47:2401, reading as follows:
“There is hereby levied a tax upon all inheritances, legacies and donations and gifts made in contemplation of death, except such as are hereinafter specifically exempted.”
The answer to the question depends upon a determination of the question of whether the levy of the tax, supra, is imposed upon the transmission of property from the dead to the living or whether it includes therein the tax upon the right to make such claim. We are of the opinion that the Supreme Court of this State in the Succession of Martin, supra, and the cases cited therein unmistakably held that the inheritance tax in Louisiana is levied on the transmission of property from the dead to the living so that Hart Hampton Bynum, having died before receiving any property from his mother Mrs. Belle Hart Bynum, was, at the time of his death, possessed only to the right of seizin in law but not seizin in fact of the property, in consequence of which petitioner Turner Atherton Bynum is not liable, no inheritance tax was due by Turner Atherton Bynum in the Succession of Hart Hampton Bynum as to any of the property left by Mrs. Bynum to Hart Hampton By-num. Our position in this respect seems abundantly clear from the quotation of the syllabi in the Succession of Martin, supra, as follows:
“1. Taxation
“The inheritance tax is levied upon the theory that the heir should have in point of fact received a benefit from the inheritance which falls to him, out of which ‘benefit’ a portion is made to go to the state. LSA-R.S. 47:2401.
“2. Taxation
“The inheritance tax is not a tax upon the property itself but upon the transmission by will or by descent. LSA-R.S. 47:2401.
“3. Taxation
“Under the inheritance tax law the heirs have no right to take or possess any part of an estate which is still in custodia legis until the inheritance tax has been paid, and the tax is not due and enforceable until the right of seizin in law is merged into seizin in fact of the particular property. LSA-R.S. 47:2401.
“4. Executors and Administrators
“Succession: A ‘succession’ is an ideal, a juridical person, independent from those having an interest therein.
See publication Words and Phrases, for other judicial constructions and definitions of “Succession”.
*699 “5. Descent and Distribution
“Succession: An heir succeeds to the deceased from the instant of death, since the heir can transmit the succession to his own heirs with a right of accepting or renouncing although he himself has not accepted.
“6. Taxation
“Where deceased left a will naming residuary legatees, and while his succession was under administration a residuary legatee died without having accepted the legacy and without receiving any property from the executor, and the legatee left a will naming others as residuary legatees, the legatee was seized of a right but not in fact, and no inheritance tax was due from the estate of the legatee to the state. LSA-R.S. 47:2401; LSA-C.C. art. 944.”
For these reasons we are of the opinion that the ruling of the Trial Court is eminently correct and, accordingly, the judgment is affirmed.
Affirmed.