ELLIS, Judge:
Marion B. Kahn died testate on January 3, 1971. In his will, he made various charitable and special bequests, named Mrs. Eddy Frances Kahn Rosen as residuary legatee, and named City National Bank of Baton Rouge as executor thereof.
The will also contained the following provision:
“I desire that all of my just debts be paid. All property inheritance estate and transfer taxes, Federal and State shall be paid out of the principal or corpus of my residuary estate, and shall not be chargeable against the respective legatees or beneficiaries hereunder, it being my intention that all special bequests and legacies hereunder be received by the respective legatees in full.”
Federal Estate Taxes totalling $357,281.-62 were paid by the executor, as were Louisiana State Inheritance taxes in the amount of $2,568.46. The latter amount included $42.27 paid on a special legacy made to Mrs. Rosen, who was also the residuary legatee.
Thereafter, the executor and Mrs. Rosen filed a rule against the Inheritance Tax Collector to fix the amount of Inheritance Taxes due from Mrs. Rosen. In making the computation thereof, they computed the residual estate to be $1,164,917.50. The latter figure was arrived at by deducting from the gross estate the charitable legacies, the special legacies, the inheritance tax paid on the special legacies, and the debts and charges of the succession. They then added to that amount the value of Mrs. Rosen’s special legacy, deducted the Federal Estate Tax, and computed the tax on the balance of $809,479.29, which was claimed to be the total of the legacies actually received by Mrs. Rosen. The tax thus arrived at was $56,193.55.
The Inheritance Tax Collector answered the rule, denying that a deduction for Federal Estate Taxes was due, and computed the tax on the basis of legacies totalling $1,166,760.91. He computed the tax due at $81,203.27.
The district judge fixed the tax in accordance with the figure of the Collector, and the Executor and Mrs. Rosen have appealed. '
The case presents for determination the sole question of whether the Federal Estate Tax may be deducted from the residual legacy before computing the State Inheritance Tax due thereon. Appellants have also raised the question of the deduct-ibility of the State Inheritance Taxes on the special legacies, but, since this deduction was, in fact, allowed by the Collector, we need not consider the point herein.
R.S. 47:2401 imposes a tax on “all inheritances, legacies and donations and gifts made in contemplation of death.” R.S. 47:2403 provides that the taxes shall be computed at various percentages “of the actual value” of the legacies. R.S. 47:2404 provides that the tax be imposed “with respect to all property of every nature and kind included or embraced in any inheritance legacy.”
In support of their position, appellants say that the State Inheritance Tax is a tax on the right to receive, and therefore can not be applied against what is not received by the legatee. They point out that the Federal Estate Tax is a tax on the whole of the estate, which does not bear on any particular legacy or bequest, and since it is never received by the residuary legatee, should not be subject to the State Inheritance Tax.
They further note that in computing “actual value”, the courts have permitted de *430 duction of all debts and charges of the estate, including court costs, attorneys’ fees, executors’ fees, and other charges incurred after the death of the decedent. Succession of May, 120 La. 692, 45 So. 551 (1908).
The question has been considered by our Supreme Court in Succession of Henderson, 211 La. 707, 30 So.2d 809 (1947), and decided adversely to appellants’ position. In so holding, the Court said:
“Thus on the net estate transferred at the moment of the decedent’s death, whether by will or intestate succession, both the federal government and the state government have imposed their respective death duties. The state and Federal power to tax that transfer is concurrent and equal and the determination of which sovereignty possesses the prior lien need not be determined until and if the case arises in which the total estate falls short of the combined taxes. Frick v. Commonwealth of Pennsylvania, 1925, 268 U.S. 473, 45 S.Ct. 603, 69 L.Ed. 1058, 42 A.L.R. 316. Both taxes being levied upon the transfer, one on the whole, the other on the component parts or roots, are taxes upon the transmission of the net estate at the moment of the decedent’s death, and unless otherwise provided by the legislature, no deduction for the federal tax before computation of the state tax can be authorized.”
Appellants further argue that the Henderson case, supra, is no longer correct because it was based on Succession of Gheens, 148 La. 1017, 88 So. 253 (1921), which was decided under provisions of law no longer in effect. This contention was considered and rejected by the Court in the Henderson case.
After carefully considering the foregoing, we are of the opinion that the result reached by the Henderson case is not only unequitable but contrary to the intent of the legislature, as expressed in R.S. 47:2401 et seq. We believe that it was intended that the State Inheritance Tax be levied on the inheritance or legacy actually received by the heir or legatee. The rationale of the Henderson case could lead to the absurd result of a residuary legatee being liable for State Inheritance taxes when special legacies have so depleted the estate that the Federal Estate Tax is equal to the residuary estate, and the residuary legatee in fact receives nothing.
Be that as it may, we consider the Henderson case to be authority for the proposition that the Federal Estate Tax may not be deducted from the residuary estate before -computing the State Inheritance Tax due thereon, and that it is controlling in this case.
The judgment appealed from is affirmed, at appellants’ cost.
Affirmed.