BARON B. BOURG, Judge Pro Tem.
Jane Taylor Farnsworth, residuary legatee and testamentary executrix of the Succession of Mary Virginia Taylor Gillen-tine, caused a rule to issue directed to Joseph Roullier, Clerk of Court and Ex-Offi-cio Inheritance Tax Collector for the Parish of Orleans, ordering him to show cause why the judgment of possession should not be rendered, showing no additional inheritance tax due on the inclusion of an undivided one-sixth naked interest in the community of acquets and gains formerly existing between the decedent’s parents. After a hearing, the rule was dismissed and judgment was rendered in favor of the Inheritance Tax Collector decreeing that the one-sixth naked ownership interest was subject to inheritance tax. From this judgment the executrix has appealed.
The facts relevant to the issue before this court may be briefly stated as follows:
Mary Virginia Taylor Gillentine was one of three children. Her father died March 29, 1971, and Mrs. Gillentine inherited an undivided one-sixth naked interest in her father’s estate, subject to her mother’s usu-fruct. On November 5, 1972, Mrs. Gillen-tine died. She was survived by her mother, who continues to enjoy her usufruct, and two siblings. Her sister, Jane Taylor Farnsworth is her residuary legatee and her executrix. One of the effects included in the Succession of Mrs. Gillentine is the undivided one-sixth naked interest in the assets of the estate of her father.
The executrix contends that no inheritance tax is due on the second transmission of this one-sixth interest because as a naked interest it has no value. She contends that the tax is based on the “actual” or market value of that which is inherited and a naked interest has no value. She further contends that the tax is im *639 posed on the receipt of benefits through inheritance or legacy and since Mrs. Gil-lentine predeceased her mother, the usu-fructuary, she never received any benefit from the inheritance.
The Inheritance Tax Collector contends that the purpose of the inheritance tax statute is to impose a tax on all property passing from the deceased to his heirs and that the receipt of the one-sixth undivided naked ownership by Mrs. Gillentine from the estate of her father was a taxable moment upon which a tax was correctly paid.
She inherited the naked ownership of the interest, the value of which is now subject to inheritance tax on transmission to her heirs. The tax collector agrees with the executrix that the tax is imposed on the transmission of a benefit to the legatee through inheritance or legacy but contends that the receipt of a naked ownership subject to a usufruct is a benefit of value within the meaning of the tax statute.
In support of his contention that Mrs. Gillentine inherited a benefit that was subject to inheritance tax, the tax collector correctly relies on Article 60S of the Louisiana Civil Code which states as follows:
“The owner may mortgage, sell or alienate the thing subject to the usufruct, without the consent of the usufructuary, but he is prohibited from doing it in such circumstances, and under such conditions as may be injurious to the enjoyment to the usufructuary.”
The executrix further relies on the reasoning of the Louisiana Supreme Court in the case of Succession of Martin, 234 La. 566, 100 So.2d 509 (1958) for her contention that the imposition of an inheritance tax on the transmission of the naked ownership interest from Mrs. Gillentine to herself would result in double taxation.
The Succession of Martin, however, is dissimilar to the instant case in one important facet. Martin was named a residuary legatee in the Succession of Newton Blanchard Smith but he himself died while the succession was still under administration. The court reasoned that Martin had not had the opportunity to accept or obtain delivery of his legacy and had therefore received no benefit upon which a tax could be imposed. In the instant case, a judgment of possession had been rendered in the Succession of Mrs. Gillentine’s father and she had accepted delivery. At that point, she was the owner of the naked interest and had the power to mortgage, sell, or alienate that interest. In the Succession of Martin, the decedent never received that power during his life. The court stated that the tax is imposed not on the property actually received but on the value of the property actually received by the heir or legatee. While Martin had received the right of seisin before his death, it had not been merged into seisin in fact. He had therefore received no taxable benefit.
In the instant case, it is clear that Mrs. Gillentine’s seisin in right had merged into seisin in fact before her death. She was owner of the naked interest and had the power to mortgage, sell, or alienate it.
We therefore affirm the lower court’s holding that Mrs. Gillentine had inherited the naked ownership which was a property right and a benefit. It was therefore subject to evaluation and inheritance tax in her own succession.
For the foregoing reasons, the judgment of the lower court decreeing the value of the naked ownership subject to inheritance tax is affirmed at appellant’s cost.
Affirmed.
LEMMON, J., dissents with written reasons.