RFOGG, Judge.
The sole issue raised on appeal in this inheritance tax case is whether the amount of federal estate tax paid should be deducted from the value of the estate prior to computing the Louisiana inheritance tax.
The facts are undisputed. Mae Lescalle Rowe died testate on May 28, 1995. Federal estate tax in the sum of $241,525.00 was paid. That sum was included in the estate of the deceased for purposes of computing the Louisiana inheritance tax liability that was assessed at $132,742.49.
Subsequent to paying the Louisiana inheritance tax, the Succession of Mae Lescalle Rowe, through co-executrixes Johanna Williams and Elsie Halford, filed this suit against the Department of Revenue and Taxation, seeking a refund of an overpayment of inheritance tax in the amount of $24,152.53. Therein, the plaintiff asserted that federal tax is a deduction as a debt of the succession; therefore, it is not subject to Louisiana inheritance tax. On cross motions for summary judgment, the trial court rendered judgment in favor of the Department of Revenue and Taxation granting summary judgment in its favor and dismissing the plaintiff’s suit with
*793 prejudice. The plaintiff appealed that judgment, contending the trial court erred in determining that the amount of federal estate tax paid should not be deducted from the value of the estate prior to computing Louisiana inheritance tax.
In 1947, the Louisiana Supreme Court decided this issue adversely to the appellant’s position in the ease of Succession of Henderson, 211 La. 707, 30 So.2d 809 (1947). When the same issue was raised subsequently in the case of Succession of Kahn v. Inheritance Tax Collector, 286 So.2d 428 (La. App. 1 Cir.1973), writ denied 288 So.2d 646 (La.1974), this court stated, “[W]e consider the Henderson case to be authority for the proposition that the Federal Estate Tax |smay not be deducted from the residuary estate before computing the State Inheritance Tax due thereon, and that it is controlling....”
Herein, the appellant asks this court to overrule its holding in the Succession of Kahn in light of the case of Succession of Martin, 234 La. 566, 100 So.2d 509 (1958). The appellant contends that the Martin ease impliedly overruled the Succession of Henderson on which the Kahn court relied.
In Martin, Newton Smith died and bequeathed one-third interest in his property to Herbert Martin. While Smith’s estate was under administration and before any legatee was put in possession, Martin died. Martin’s heirs inherited his interest in the Smith estate. The Louisiana Tax Collector tried to collect an inheritance tax from the deceased Martin and an additional inheritance tax from Martin’s heirs.
The Louisiana Supreme Court refused to impose the inheritance tax twice. In reaching this result, the Martin court held that tax was due only for the Smith estate. The court concluded that, although Martin was seized of right of his legacy from Newton Smith at Smith’s death, Martin was never seized in fact and never derived a benefit from Smith. Therefore, Martin owed no inheritance tax.
The appellant contends that the holding in the Martin case conflicts with that in Henderson. Specifically, the appellant asserts that, by holding that Louisiana inheritance tax is levied only on property received by a legatee, the court has held that funds paid in federal estate tax are not taxable as they are not actually received by the legatees.
After carefully reviewing this jurisprudence, we find no conflict in the two cases. The Martin case dealt solely with a legacy that had not been received by the legatee upon his death. It was not concerned with whether state inheritance tax is due bon the sum paid by an estate to the federal government in estate tax, as was the Henderson court. Furthermore, we note that, as the Martin case predates the Kahn' case, the Kahn court had an opportunity to address the appellant’s argument and did not do so. Like the court in Kahn, we find that Henderson is dispositive of the issue raised on appeal. Therefore, the trial court correctly determined that the amount of federal estate tax paid should not be deducted from the value of the estate prior to computing Louisiana inheritance tax.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed against the appellant, Succession of Mae Lesealle Rowe.
AFFIRMED.