## BENJAMIN WEBER *v.* LUDGER ORY, Administrator.

The right of action of an heir, to compel a partition of the immovables and slaves belonging to the succession, in order that his portion may be set off to him, as owner, is an immovable—and when such a right is conveyed by last will, the instrument must conform to our laws, or it cannot have any effect.

Where such a right was sought to be conveyed by a will made in the State of Missouri, in these words : " *I do hereby give and bequeath, absolutely and unconditionally, to M. G. and to A. J., to have and to hold the same, unto them jointly and severally, that is to say, as joint tenants, so that all and singular, the property hereby devised and bequeathed shall, upon the death of either of them, the said M. G. and A. J., descend, pass and belong to the survivor of them, and to the heirs of such survivor forever,*"— *Held :* That such a disposition is a conditional substitution prohibited by our law.

APPEAL from the District Court of the Parish of St. James, *Duffel*, J.
*Berault & Legendre*, for plaintiffs. *Johnson & Denis*, for defendants and appellants.

MERRICK. C. J. The principal question in this case is, whether the sum of $3,740 49, demanded, be considered to form a part of the succession of widow *Ory*, deceased, or whether the same is to be considered as personal property, and subject to the law of the domicil of *Eugénie Ory*, who died at St. Louis, Missouri. If the sum demanded can be regarded as a movable, dependent upon her succession at St. Louis, then the judgment must be affirmed ; if not, then we must further consider whether the will under which plaintiffs claim, does or does not contain a *fidei commissum* or substitution.

*Widow J. B. Ory* died in July, 1854, and an inventory was taken at the instance of the heirs. An administrator was appointed in November following. In January, the testatrix *Eugénie Ory*, and her co-heirs of age brought an action of partition. A decree was entered, ordering the movables, immovables and slaves to be sold by the administrator of the succession ; the movables for cash, the land and slaves payable one-half in March, 1856, and the other half in March, 1857.

The sale was accordingly made by the administrator on the 2d day of February, 1855. On the 3d day of July following, two days previous to her death, the testatrix made her will at St. Louis, under the forms of law of Missouri. It was admitted to probate in September following.

At the time the sale was made, in February, the administrator of the succession does not appear to have been in funds, or to have paid any debts. After the two instalments fell due, he proceeded to collect the money due the estate, and, in May, 1857, filed an account of his administration and what he called a tableau of distribution. He charged himself with $39,583 24, amount of probate sale and crop, and claimed credit for payments made by him to the amount of $14,401 26, and proposed to pay certain other creditors, amounting to $2,737 02, and to distribute $22,442 96, the remainder, among the six heirs of the deceased, giving to each one $3,740 49½, the succession of *Eugénie Ory* being placed on the tableau as one.

This suit was brought against the administrator, to recover the above named sum of $3,740 49½, in October, 1857.

It is difficult to distinguish this case from the cases of *Mercenaro* v. *Mordella*, and *Bone* v. *Sparrow*, in 10 and 11 An. The question to be decided depends upon the condition of the estate at the time of the death of *Eugénie Ory*, on the

68

5th day of July, 1855. At this time, the administrator had not collected funds sufficient to pay the debts of the succession of *Widow Ory*, for the movables and the crop did not amount to a sum sufficient for this purpose. The rights of the heirs had not been fixed and settled, and the action of partition was as essential in order to ascertain and recover the rights of the heirs, as when first commenced. The heirs and administrator had made but one step towards a definitive partition, viz, a sale or licitation of the property. In order to complete the partition, a reference to a notary and the appointment of experts was necessary, in order that the map could be formed, the accounts stated, and deductions made, lots formed and drawn, or set apart, as required by law. Art. 1272, C. C., et seq. This, then, required a decree of homologation, before it could become final. The heirs too would be bound to each other for the warranties incident to a partition.

The testatrix had, therefore, at the time of her death, nothing more than an action of partition. There was no sum of money which she could claim as her own ; none of the debts due the succession were hers; in fine, there was no one thing dependent on the succession of her mother which she could call her own, and the immovables and slaves were liable to be brought back to the succession by the resolutory condition, in the event of non-payment of the price. All that she had was an *action* to have one-sixth part of her mother's succession, after all collations were allowed, set off to her as owner. This *action* appears to us to be an immovable. 10 An. 776 ; 11 An. 185 ; C. P. 45, 164, 165 ; C. C. 463.

The form in which the administrator chose to present his account cannot change the situation of the parties. It has been repeatedly decided by the court, that an administrator cannot bind the heirs, at least when not cited, by a proposed tableau of distribution, wherein he proposes to distribute the proportion coming to each. In other words, he cannot make a partition for the heirs.

The defendants contend that the will under which plaintiff seeks to recover of the administrator, contains a substitution and *fidei commissum*. The clause of the will is as follows :

" *Item.* As one of the heirs of my deceased mother, *Marie Madelaine Ory*, born *Webre*, late of the parish of St. James, in the State of Louisiana, I am possessed or entitled to an interest in the estate of my said mother, which consists chiefly of a plantation, together with certain slaves, and the stock on, and belonging to said plantation, situated in the said parish, all of which my said interest in the estate of my said deceased mother, be it real, personal or mixed property, and all other property whatsoever, and wheresoever situated, of which I may die seized and possessed, or to which I may be in law or equity entitled. I do hereby give, devise and bequeath, *absolutely and unconditionally* to *Margaret J. Gallway*, of the city and county of St. Louis, in the State of Missouri, a member of the said order, and to *Aloysia Jouve*, of the parish of Opelousas, I believe, in the State of Louisiana, a member also of the same order, to have and to hold the same unto them, *jointly and not severally*, that is to say, as *joint tenants*, so that all and singular, the property hereby devised and bequeathed shall, upon the death of either of them, the said *Margaret J. Gallway* and *Aloysia Jouve*, descend, pass and belong to the survivor of them and to the heirs of such survivor forever."

If we have arrived at a correct conclusion in relation to the nature of the right conveyed by the will, then the instrument cannot conform to our laws as to its provisions, or it cannot have any effect. The testimony of two lawyers in Missouri had been taken, as to the effect of the instrument. One holds that it creates a joint tenancy, with a contingent remainder over to the survivor ; the

other, that it is a simple joint tenancy, by which the survivor takes the whole estate. In the one case, neither can defeat the contingent remainder; in the other, either of the joint tenants may defeat the right of survivorship by a partition or sale of the property, before such right has accrued by the death of the other party.

As the instrument must have its effect in Louisiana, if at all, it must receive its construction by reference to our law. By the language of the will, it contains a conditional substitution. The predeceased is to preserve for and return to the survivor the one undivided half of the property bequeathed. As it cannot be known before the event, which one-half will be released from the charge by the condition annexed, the whole property is tied up until the condition happens.

The disposition of the will, therefore, appears to us to be prohibited by Article 1507 of the Civil Code.

We think, judgment must be rendered in favor of defendants.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be avoided and reversed; and it is now ordered, adjudged and decreed, that there be judgment in favor of the defendants, and against the demand of the plaintiffs, and that the defendants recover costs in both courts.