94 So.2d 38

**Succession of Arah Terrell GUILLORY.**

No. 42447.

Feb. 25, 1957.

J. E. Oglesby, Winnfield for plaintiff-appellant.

F. Jean Pharis, Pineville, for intervenor-appellant.

Hiram J. Wright, Winnfield, for defendant-appellee.

FOURNET, Chief Justice.

The Citizens National Bank of Waco, Texas, as executor and trustee under the will of Mrs. Arah Terrell Guillory who, prior to her death on March 7, 1954, was a resident of Waco, filed a petition in the district court for Winn Parish seeking to have this will, previously probated and approved in Texas, recognized and, accordingly, to be sent into possession of the SE/4 and the SW/4 of the NW/4 of Section 24, T. 13 N., R. 3 W., Winn Parish, which property had been bequeathed to the bank to be held in trust "during the lifetime of Terrell Guillory,[1] and at his death the naked ownership" as well as the

1. It is conceded by all parties that Terrell Guillory is the only son and heir at law of the decedent.

possession being bequeated "to the * * Baptist General Convention of the State of Louisiana" and not to be sold but kept so that the revenues derived therefrom might be used for the benefit of the Baptist denomination of the State of Louisiana.

Counsel representing the non-resident son, Terrell Guillory, excepted to this petition on the ground that it disclosed neither a cause nor a right of action inasmuch as (1) the petitioner bank is not qualified to act as a trustee in Louisiana under the provisions of RS 9:1871; (2) the will attempts to establish a trust for a period longer than ten years from decedent's death and for that reason is null; (3) is further null under Louisiana law since it contains a prohibited substitution, bequeathing the property to one legatee to be held in trust by it for the benefit of decedent's son, and, at his death, bequeathing this same property to another legatee; and (4) contravenes the public policy of Louisiana by barring any alienation of the property by the second beneficiary under the will and thus forever removing it from commerce.

The Louisiana Baptist Convention intervened in the suit asserting its interests are "antagonistic" to that of the bank as the beneficiary of the property, and, setting forth that the bank, as a foreign corporation, is not authorized or qualified to act as a trustee of realty in Louisiana, asked that the will be reformed to the extent "necessary for the appointment of a qualified trustee of the property,"[2] and that, as thus reformed, it be executed and carried into effect.

The trial judge, without mentioning the intervention, rendered judgment sustaining the exceptions and dismissed the suit. The intervenor is appealing from that judgment,[3] and counsel representing the executor of the will (the plaintiff bank who is also named trustee), joining counsel for the intervenor in brief, concedes, as he must, that the bank is not qualified to act as a trustee of immovable property in this state.[4]

Under the will Mrs. Guillory left certain property to her son outright, including realty in Evangeline Parish. All of the remainder of her estate she gave, de-

2. RS 9:1875 provides: "If a trust is created and there is no trustee, or if the trustee * * * ceases for any reason to be trustee, and if the trust instrument provides no method of filling the vacancy, a trustee can be appointed by the proper court. * * *"

3. Although plaintiff and intervenor both moved for an appeal in open court, only

intervenor perfected the appeal by furnishing bond.

4. RS 9:1871 provides: "Individuals who are sui juris and citizens of the United States, and banks and trust companies now or hereafter organized under the laws of Louisiana * * * may act as trustees * * *."

vised, and bequeathed to the Citizens National Bank "to be held in trust and managed" for the benefit of her son "so long as he may live," the revenue therefrom to be paid him monthly in such sums as the bank might deem necessary to provide for his comfort and maintenance over and above what he earned. Mrs. Guillory also provided in her will that "At the death of my son * * * I give, devise, and bequeath to the Executive Secretary of The Baptist General Convention of the State of Louisiana" the property involved in this litigation,[5] which consists of 80 acres of land in Winn Parish.

▮▮▮▮ The bequest is clearly a prohibited substitution, and, as such, violative of the public policy of this state as expressed in our basic and statutory law, Section 16 of the Fourth Article of the Constitution of 1921; Article 1520 of the Revised Civil Code; RS 9:1791, and even though such bequest may be valid in Texas, where the will was made, it will not be enforced in so far as it affects property in this state. Harper v. Stanbrough, 2 La.Ann. 377; Succession of Franklin, 7 La.Ann. 395; Weber v. Ory, 14 La.Ann. 537; and Succession of Herber, 128 La. 111, 54 So. 579. Consequently, the trial judge properly maintained the exceptions of no cause and no right of action.

For the reasons assigned, the judgment appealed from is affirmed at the cost of the appellant.

---

5. Decedent divided the property not willed outright to the son and provided that, at his death, the property in Winn Parish would go to the Baptist Convention and the remainder of the property to Baylor University in Texas.