135 So.2d 679 (1961)
Succession of Dr. Hudson L. MEADORS.
No. 9589.
Court of Appeal of Louisiana, Second Circuit.
November 22, 1961.
Rehearing Denied December 27, 1961.
Certiorari Denied February 6, 1962.
Simon, Carroll, Fitzgerald & Fraser, Shreveport, for respondents-appellants.
Meadors, Shaw & Meadors, Homer, for plaintiff-appellee.
Before HARDY, GLADNEY and BOLIN, JJ.
BOLIN, Judge.
The decedent, Dr. Hudson L. Meadors, died testate while domiciled in the State of Tennessee, and was survived by a wife and numerous collateral relations. His last will and testament was probated in Tennessee, and the Nashville Bank and Trust Company of Nashville, Tennessee, was confirmed as Testamentary Executor thereof. Since decedent at his death owned immovable property located in Claiborne Parish, Louisiana, ancillary proceedings were instituted in that parish and the Tennessee executor was also confirmed as executor for the Louisiana property of the decedent.
The will of decedent, after making several particular legacies, bequeathed the residue of his estate to the Nashville Bank and Trust Company, in trust, to hold, manage and dispose of according to the particular *680 instructions contained in the instrument. The trust instrument provides mainly that the trustee collect the properties, administer them, and pay to one Annie Mary M. Winters, a sister of decedent, the sum of $100 per month during her life, and all of the remaining income to the decedent's wife, Marjorie Bowers Meadors during her life, the trust instrument further provides that upon the death of either the sister or the wife, all of the income is to be paid to the survivor until her death, at which time the trust will terminate and the property of the trust estate will go to decedent's heirs at law and next of kin as determined by the laws of Descent and Distribution of the State of Tennessee. The trust instrument also provides that the trustee has the discretionary authority to encroach upon the principal of the trust estate in order to take care of any emergency needs of the wife because of illness, accident or other unusual circumstances. The instrument also authorizes the trustee, in its discretion, to determine whether any or all property (except stock dividends) coming into its possession shall be treated as principal or income.
On December 7, 1960, the Nashville Bank and Trust Company petitioned the court for a rule to show cause why, among other things:
1. Petitioner's final account should not be approved and petitioner discharged as executor of the estate;
2. Lynn Haston should not be appointed trustee of the property left by decedent in the State of Louisiana (in place of petitioner who was disqualified by the Louisiana Trust Estates Act from serving as trustee) and be sent and placed in possession of the said properties to hold them in trust subject to the terms and conditions of decedent's last will and testament; and
3. The oil and/or gas royalties, lease bonuses and/or delay rentals earned or to be earned from the Louisiana property should not be classified as "income" and treated as such by the trustee.
Respondents filed an answer to the petition and rule, opposing same insofar as it pertained to the treatment of oil and/or gas royalties, lease bonuses, or rentals contending they should be classified as principal and accordingly be considered as comprising a part of the corpus of the Trust Estate and eventually be invested to produce income. However, on April 7, 1961, the court rendered judgment rejecting respondent's opposition and making the rule absolute.
On April 4, 1961, respondents employed their present counsel. After the judgment was signed and a motion for a new trial was overruled, respondents appealed. After the appeal was lodged in this court, an exception of no cause or right of action was filed.
In their brief respondents set forth the following errors in the proceedings below:

"1.
"The District Court erred in approving the first and final account of the testamentary executor and discharging the said executor.

"2.
"The District Court erred in ordering Lynn Haston sent into and placed in possession of decedent's Louisiana immovable property, as trustee in trust for the use and benefit of Marjorie Bowers Meadors and Annie Meadors Winters.

"3.
"The District Court erred in authorizing Lynn Haston, as trustee of the Louisiana properties of decedent, in his absolute discretion to determine whether any oil and/or gas royalties, lease bonuses, and/or delay rentals earned or paid or which may be earned or paid in the future and attributable to the Louisiana properties owned by the decedent which come into the possession of the said trustee shall be treated as principal or income."
*681 We will first direct our attention to the exception of no cause or right of action which is predicated on respondents' contention that the will of Dr. Hudson L. Meadors is absolutely null under Louisiana law insofar as it affects Louisiana immovable property because it contains prohibited substitutions and because it commits the institution of heirs and other testamentary dispositions to the choice of a third person.
LSA-C.C. art 1520 provides, in part, as follows:
"Substitutions and fidei commissa are and remain prohibited.
"Every disposition by which the donee, the heir, or legatee is charged to preserve for or to return a thing to a third person is null, even with regard to the donee, the instituted heir or the legatee."
Article 4, Section 16 of the Louisiana Constitution of 1921, as amended, LSA, reads, in part, as follows:
"* * * No law shall be passed authorizing the creation of substitutions, fidei commissas or trust estates; except that the legislature may authorize the creation of trust estates for a period not exceeding ten years from the settler's death as to a beneficiary which is not a natural person; ten years from the settler's death as to a beneficiary who is a natural person or until the death of the beneficiary whichever is the longer period * *."
And Section 1 of the Trust Estates Law, (LSA-R.S. 9:1791), provides, in part, as follows:
"* * * Nothing in this Chapter shall be construed * * * as authorizing the creation of substitutions, fidei commissa, or trust estates except to the limited extent expressly provided for herein."
Thus it is seen that the Legislature and the people have sought to retain our traditional prohibitions against substitutions, fidei commissa, and trust estates except to the very limited extent expressly provided for in the Trust Estate Law. Therefore, if a trust device is incorporated in a testamentary trust, and that trust device is not expressly permitted by our Trust Estates Law or is recognizable as creating a prohibited substitution, that portion of the will containing the trust device must be held to be a nullity.
In the will in question, the testator left all property not specifically devised or bequeathed to a trustee, in trust, to hold, manage, and dispose of according to the terms set forth in the will. The will provided that the trustee should distribute the income of the trust as follows:
"My Trustee shall pay over to my sister, Annie Mary M. Winters, the sum of One Hundred ($100.00) Dollars per month during her natural lifetime, and upon her death said monthly payments shall cease and if my wife be still living all of said income shall be paid to my said wife.
"All of the remaining income shall be paid over to my said wife, Marjorie Bowers Meadors, during her natural lifetime, and upon the death of my said sister prior to the death of my said wife, all of the net income shall be paid over to my said wife. However, should my said wife predecease my said sister then all of the net income shall be paid over to my said sister during her natural lifetime.

* * * * * *
"Upon the death of my said wife or upon the death of my said sister should my wife predecease her, or upon my death should my wife and sister both predecease me, the trust shall terminate and upon the termination of this trust my Trustee shall distribute the Trust Estate and property as follows:
"All of my Trust Estate and trust property shall go to my heirs at law *682 and next of kin as determined by the Laws of Descent and Distribution of the State of Tennessee, and my Trustee shall distribute and deliver the said property to said persons entitled to the same."
Appellants contend that the four paragraphs quoted above incorporated two prohibited substitutions into the testamentary trust now before the court. First, the testator has provided for an income to the testator's wife and an income to one of the testator's sisters, but has provided that upon the death of one of the two income legatees, the income bequeathed to that legatee shall then be paid over to the other. Second, the testator has bequeathed property to one legatee to be held in trust by it for the benefit of the testator's wife and one of testator's sisters, and at the death of the survivor of the two beneficiaries, bequeathing the same property to other legatees.
Respondents contend that the second mentioned substitution is illustrated by the case of Succession of Guillory, 232 La. 213, 94 So.2d 38, 39 (1957), the facts of which we feel are closely analogous to those in the instant case. In the cited case, Mrs. Guillory, a Texas testatrix, in her will, after making a specific bequest to her son, left the remainder of her estate, which included Louisiana immovable property, to a Texas Bank as trustee to hold the property in trust and manage it for the benefit of her son so long as he lived. The revenue from the trust was to be paid to the son monthly, in such sums as the bank saw fit, for his comfort and maintenance over and above what he earned. Mrs. Guillory also provided in her will that "at the death of my son * * * I give, devise, and bequeath to the Executive Secretary of The Baptist General Convention of the State of Louisiana the Louisiana property which had been held in trust."
When the executor and trustee under Mrs. Guillory's will petitioned the Louisiana court to be recognized and put into possession of the Louisiana property, the son filed an exception of no cause or right of action, urging, among other things, that the will was null under Louisiana law since it contained a prohibited substitution, bequeathing the property to one legatee to be held in trust by it for the benefit of decedent's son, and, at his death, bequeathing the property to another legatee. The Supreme Court affirmed the judgment of the lower court sustaining the exceptions, and held as follows:
"The bequest is clearly a prohibited substitution, and, as such, violative of the public policy of this state as expressed in our basic and statutory law, Section 16 of the Fourth Article of the Constitution of 1921; Article 1520 of the Revised Civil Code; R.S. 9:1791, and even though such bequest may be valid in Texas, where the will was made, it will not be enforced in so far as it affects property in this state. * * *"
We feel the case of Succession of Thilborger, 234 La. 810, 101 So.2d 678, 679 (1958), states the proper test for determining if a testament contains a prohibited substitution:
"In explaining the provisions of Article 1520 this court on numerous occasions has said that the simplest test of the substitution prohibited by our law is that it vests the property in one person at the death of the donor and at the death of such person vests the same property in another person, who takes the same directly from the testator but by a title which springs into existence only on the death of the first donee. Such a disposition destroys the power of alienation of the property by the first donee, because he is bound to hold it until his death in order that the person then called to the title may take it. At the same time no power of alienation exists in the second donee during the life of the first, because his title comes into being only at the death of the latter." *683 Still another definition is stated in Succession of Rougon, 223 La. 103, 65 So.2d 104, 107 (1953), as:
"* * * A substitution is an attempt on the part of the donor or testator to make a testament for his donee or legatee along with his own will, and to substitute his own will for the legal order of succession from his donee or legatee. * * *"
In the instant case, as in the Guillory case, the testator attempted to make a testament for his legatees along with his own will. A comparison of the two cases shows that in both, at the death of the respective testators, the property vested in the trustees with the income going to certain persons; and at the death of those persons, the trust property would vest in still other persons who take from the testator by title which springs into existence only at the death of the legatees of the income.
In the Guillory case the property was given to the trustee "to be held in trust and managed". The will here under consideration stipulates that the trustee shall "hold, manage, and control" all or any part of the property constituting the trust estate and that the trustee "shall keep invested all assets coming into his hands." Thus it would seem that in both cases the legateetrustee was charged to preserve (hold, manage and control) for and return (distribute) the corpus of the trust to ultimate heirs designated by the testator.
Mrs. Guillory provided in her will that "at the death of my son * * * I give, devise, and bequeath to the Executive Secretary of The Baptist General Convention of the State of Louisiana" the Louisiana property which had been held in trust. The testator in the case at bar provided that upon the death of the survivor of the two income beneficiaries of the trust "the trust shall terminate and upon the termination of this trust my Trustee shall distribute the Trust Estate and property as follows:
"All of my Trust Estate and trust property shall go to my heirs at law and next of kin as determined by the Laws of Descent and Distribution of the State of Tennessee, and my Trustee shall distribute and deliver the said property to said persons entitled to the same."
It would seem the wording of the second disposition above could just as well have been: "I give, devise, and bequeath to * * *." It is also noted that the second disposition of Dr. Meadors' will provided: "All of my Trust Estate and trust property shall go to * * *." The use of the word "shall" in the Meadors will seems to make it clear that title to the property was not to vest in Meadors' "heirs at law and next of kin", or spring into existence, until the trust terminated. If this be true, the provisions of the will are contrary to the basic principles of our Civil Law (LSA-C.C. arts. 940-942).
The Meadors trust makes no mention of principal beneficiaries or the vesting of their interests upon the death of the testator and creation of the trust. The petition of the executor asks that Lynn Haston, as Trustee, be put in possession of the testator's Louisiana properties but does not mention the vesting of any interest in those persons to whom the Trust Estate is ultimately to be distributed. The trust instrument refers to persons who "may then or thereafter have an interest in the income, remainder, or reversion of said Trust Estate", and there is also a reference to "any beneficiary of the remainder of the Trust Estate." (Emphasis supplied.) The first paragraph of Item IV, Page Four of the will, indicates that the trust shall terminate and then the Trustee shall distribute the Trust Estate and trust property as instructed. These portions of the will seem to indicate the testator never intended that there be principal beneficiaries of the trust whose interests were to vest at the trust's formation, but that he intended that title to the trust property should vest in his "heirs at law and next of kin" only on *684 the termination of the trust by a title springing into existence at that time.
Able counsel for plaintiff-appellee contends in brief and oral argument that the testator in the instant case did not bequeath any beneficial interest in the property to the bank and, consequently, one of the essential elements of a prohibited substitution is lacking; that the sole function of the bank as trustee of the property, was to administer the same for the benefit of the beneficiaries of the trust property later named in the will; the will then designated the testator's widow and sister, or survivor, for their lifetimes, as the income beneficiaries of the trust; that a reading of the entire will discloses that the principal beneficiaries are the heirs at law and next of kin of the decedent as determined by the laws of descent and distribution of the State of Tennessee. This, counsel says, is made evident by that portion of the trust "All of my Trust Estate and trust property shall go to my heirs at law and next of kin as determined by the Laws of Descent and Distribution of the State of Tennessee, and my Trustee shall distribute and deliver the said property to said persons entitled to the same". Appellee strenuously contends that there is nothing in the will which shows an intent by the testator to vest anything more than a beneficial title to the income of the trust property in his widow and sister, and, therefore, one of the essential elements of a prohibited substitution, i.e., that full title to both principal and income be vested in the first donee, is lacking. The plaintiff, therefore, concludes that the beneficial interest in the principal vested in the heirs and next of kin of the decedent, as determined by the laws of descent and distribution of the State of Tennessee, immediately upon the death of the decedent, subject to the terms and conditions of the trust. In support thereof we are cited to: Succession of Fertel, 208 La. 614, 23 So.2d 234 (1945); and Succession of Thilborger, 234 La. 810, 101 So.2d 678 (1958).
Appellee contends the facts of the Guillory case are readily distinguishable from those of the instant case, and we quote the following from his brief:
"It is perfectly apparent to the writer hereof that the testatrix in the Guillory case had no intention whatsoever of vesting any title whatever, whether beneficial or otherwise, in the Executive Secretary of the Baptist General Convention until the death of her son. This is apparent by the very wording of the will which states `At the death of my son * * * I give, devise, and bequeath', etc. It is also readily apparent that full beneficial title, i.e., to both principal and income, was to be vested in the son, subject to administration by the trustee, to be preserved and returned to a third person, named by the original donor, at the death of the first donee, and, therefore, violative of Art. 1520 of the La. Civil Code. The Meadors will made no specific mention as to when the beneficial title to the principal was to vest in his heirs and next of kin, and, as pointed out previously, it should, therefore, be presumed that he intended such beneficial title to vest immediately upon his death, thereby distinguishing the Guillory case from the Meadors will. In this connection, we also refer the Court to Article 1713 of the La. Civil Code, which provides:
"`A disposition must be understood in the sense in which it can have effect, rather than that in which it can have none.'
"Applying this article to the Meadors will, the Court should adopt the contention of appellant which would give no effect to the will insofar as the decedent's Louisiana property is concerned."
After giving the matter careful consideration and having made an effort to digest the citations furnished us in the most excellent briefs of counsel herein, we have been unable to make any substantial distinction between the instant case and the Guillory *685 case. True, there are certain inconsequential distinctions, but the prohibited provisions in the contested wills are almost identical. While the Guillory case has been seriously criticized (18 L.L.R. 599, 606, 32 T.L.R. 416), we nevertheless feel it is decisive of this issue. We, therefore, conclude the exception of no cause or right of action filed in this Court should be sustained because the will contained a prohibited substitution and is an absolute nullity as it affects property in the State of Louisiana. Having reached this conclusion, it is unnecessary for us to discuss the other alleged grounds of nullity of the will or the case on the merits.
For the reasons assigned, the exception of no cause or right of action filed by the respondents, Obitt R. Meadors, George S. Meadors, Cottrell R. Meadors, and Doyle E. Meadors, is sustained and the judgment of the lower court on the merits in favor of plaintiff, Nashville Bank & Trust Company, is annulled and set aside and plaintiff-appellee's suit is dismissed at its costs.
Reversed.