AYRES, Judge.
Plaintiff, Samuel B. Harper, Jr., son of the deceased and beneficiary of his father’s will — wherein separate trusts were created for his benefit and for the surviving widow — seeks in this action to recover, in full ownership and free of the trusts, an undivided one-third interest in the estate and to have prorated the taxes and expenses, with the excess over his individual share returned to the estate.
To plaintiff’s demands, defendants, The First National Bank of Shreveport, Louisiana, trustee, and Mrs. Florence G. Harper, have filed and urged an exception of no cause of action. The basis of the exception, is (1) that the proceedings show plaintiff has already been recognized and sent into possession of one-third of the estate claimed, subject, however, to the trusts established in decedent’s will; and (2) that the payments of taxes and expenses of the succession were made in accordance with the provisions of the will. The exception was sustained and, accordingly, plaintiff’s demands were rejected. Plaintiff moved for and was granted a devolu-tive appeal.
Prerequisite to an understanding and an appreciation of the issues as they are resolved is a résumé of the pertinent facts. Samuel B. Harper, Sr., although domiciled in Jefferson, Marion County, Texas, died in Shreveport, Louisiana, on July 19, 1959, leaving Mrs. Florence G. Harper as surviving widow and Samuel B. Harper, Jr., a son, as a surviving descendent. The will was first probated at decedent’s domicile in Texas, and Mrs. Harper was appointed executrix of the estate. By an ancillary proceeding in Caddo Parish, the will was admitted to probate in Louisiana. Mrs. Harper was appointed executrix of this ancillary succession. The successions were administered; final accounts were rendered and approved; the legatees and heirs were placed in possession of the estate subject to the trusts; the executrix was discharged ; the remaining assets of the estate, except property specially bequeathed to Mrs. Harper, were transferred to The First National Bank of Shreveport as trustee ; and the administration was closed.
On January 11, 1962, after the administration was closed and after the executrix had been discharged, the plaintiff, Samuel B. Harper, Jr., instituted these proceedings which involved an interpretation of the will of the decedent and the legal effects of certain facts arising subsequent to the date of the execution of the will.
In addition to special bequests made to the widow, consisting of the home in Texas, certain cash on deposit in a bank in Texas, and an automobile, separate trusts were created for the benefit of the surviving widow and son with The First National Bank of Shreveport as trustee. The will provided that the trustee hold certain-described property in trust for the widow for her use as a residence, if she so elected to use it as such, and, if not, that the revenues therefrom be accounted for to her. Upon the termination of that trust, the will provided that the property subject thereto be added to the trust created in favor of the son and administered as a part thereof for his benefit. The trust estate for the son was designated as all of the decedent’s estate not otherwise disposed of in the will. The trustee was empowered to administer this trust estate and to account to the beneficiary for the income from the property “as if he were, the usufructuary thereof.”
The naked ownership of the estate was, however, bequeathed to certain collateral relations of the decedent, consisting of five of his brothers and sisters and the heirs of a predeceased half-sister. One of the *427 brothers and one of the sisters died prior to the death of the decedent, thus causing the legacies in their favor to lapse. That plaintiff-appellant, as the legal heir of the decedent, benefited by the lapse of these legacies is not disputed. As heretofore stated, he has been recognized in the judgment of possession as the owner of those interests.
During the course of the administration of the succession, expenses, inheritance and estate taxes were paid out of the residuary estate in accordance with the terms of decedent’s will; that is, payment was made out of assets not specially bequeathed as particular legacies or from property designated by the testator to be preserved.
Plaintiff-appellant’s contention is that he is entitled to one-third of the estate coming to him by the lapse of the legacies caused by the prior deaths of decedent’s brother and sister, in full ownership, free and clear of any trust or restriction created by the will of the testator. The basis of his contention is that, having acquired title to one-third of the estate and having been bequeathed the usufruct thereof, such usufruct is extinguished by the merger of the naked ownership and usufruct.
With reference to the expenses and taxes, plaintiff contends they should be prorated against all assets of the estate, and particularly that the property held in trust for the benefit of the surviving widow should be charged with its pro rata part.
In a specification, plaintiff-appellant complains that the court committed error, in the following respects, in not finding: (1) that the trust was extinguished by confusion; (2) that the trust terminated under the statute; (3) that no trust existed as to a one-third portion of the estate, because there was no beneficiary as defined in the act; (4) that the intention of the testator was to provide for the named legatees only, and that, since the legatees predeceased testator, their portions went to his estate; (5) that all properties acquired after the date of the will belonged to the legal heirs; and (6) that the taxes and expenses were not apportioned against all legatees.
Consideration of plaintiff-appellant’s contentions will be given in the order specified. As to the first of these, we find there was no confusion which would extinguish the trust. The will of the decedent, when applied to the facts existing at the date of his death, created the following interests : (1) the usufruct of the estate was in The First National Bank of Shreveport, in trust, of which the appellant is one of the beneficiaries, and (2) the naked ownership of the estate was in the appellant and others, the appellant’s share being one-third. From these facts, appellant contends a confusion of title resulted which extinguished the trust of the usufruct, contending that the title to both the usufruct and the naked ownership, to the extent of one-third of the estate, had become united in him. This contention is, in our opinion, unsound and ignores the purpose and the effect of the trust. While the appellant is the owner of the title to one-third of the estate, as recognized in the judgment of possession, it is not true that he has title to the usufruct of this one-third interest.
Usufruct is a distinct legal right in property (LSA-C.C. Art. 533), and is one of the estates in property recognized by law. LSA-C.C. Arts. 487, 490; Wemple v. Nabors Oil & Gas Co., 154 La. 483, 97 So. 666.
In the instant case, this property interest, that is, the usufruct, has been made the subject of a trust by the will of the decedent. This is authorized by a provision of the statute (LSA-R.S. 9:1861) which provides that
“Any property or interest in property of any kind and of any amount which can be voluntarily transferred by the owner can be held in trust”
*428 Moreover, in accordance with the provisions of the statute (LSA-R.S. 9:1811), the legal title to the usufruct of the property of the estate vested in the trustee upon the establishment of the trust. This section of the statute provides:
“A trust shall be created when a person (as that term is defined in R.S. 9:1792(8)) in compliance with the provisions of this Chapter transfers the legal title to property to a trustee in trust for the benefit of himself or a third person.”
Obviously, there is no confusion of the naked ownership of the property and the usufruct by virtue of the trust under the provisions of the will. A separation of the legal title and control of property from the person designated beneficiary is one of the purposes provided for under the statute. Thus, appellant is the owner of the naked title to certain property, the title to the usufruct of which is vested in the trustee and constitutes the corpus of the estate which is administered for the benefit of the beneficiary. The beneficiary has no power to control, or right of ownership as such, over the property entrusted. Therefore, the lapse of the legacies effected no divestiture of the trustee of the estate or of any portion thereof.
Appellant next contends that the trust terminated under the statute. In this regard, it is suggested that the purpose of the statute is to preserve property for an ultimate beneficiary; and that purpose was thwarted when the testator failed to designate other beneficiaries in lieu of those who predeceased him. Thus, it is contended that the purpose of the statute and of the will has become impossible of accomplishment and, because thereof, the trust terminated. Had no bequests been made of the naked ownership to particular legatees, we fail to appreciate how such failure would invalidate the trust, as, in the absence of such a provision, 'the inheritance would fall to the testator’s legal heirs.
Nor, for the aforesaid reasons, do we find that the trust is void as to the one-third portion inherited by plaintiff-appellant. There is no lack of a beneficiary; plaintiff is so designated. A beneficiary is one for whose benefit property is held in trust. The absence of a “principal beneficiary” designated in a will is immaterial under the definition of the term which means a
“ * * * beneficiary ultimately entitled to the principal, whether named or designated by the terms of the trust or determined by operation of law.” LSA-R.S. 9:1792(10).
Thus, the statute clearly provides that such a principal beneficiary may be determined by operation of law. That was precisely the situation which resulted by the prior deaths of the two principal beneficiaries.
Nor do we find any merit in the contention that the primary intention of the testator was to preserve a particular portion of his estate for each of the naked owners designated as ultimate beneficiaries. The primary purpose, as the will clearly stated, was to provide an income for the surviving widow and son during their lifetimes. As heretofore pointed out, those lapsed legacies inured to the benefit of the testator’s legal heir. It cannot be conceived how that fact could result in a destruction of the trust in clear violation of the testator’s intention.
A further contention is made that all properties acquired after the date of the will are not subject to the trusts. The answer to this argument is that, by the very terms of the will, the usufruct of all the property of which the testator died possessed was placed in trust with The First National Bank of Shreveport as trustee.
Finally, appellant complains of the failure of the court to apportion the taxes and expenses among all the legatees. Thus, the contention is that all of such expenses and taxes should have been prorated against all of the assets of the estate. This posi *429 tion is contrary to the provisions of the testator’s will and, in part, is contrary to law, and is, thus, untenable. It has been clearly held that the burden of expenses and taxes is to be borne by the residuary estate and cannot be charged to particular legacies. In the Succession of Mayer, 229 La. 951, 87 So.2d 303, the court, after quoting from the cases of Riggs v. Del Drago, 317 U.S. 95, 63 S.Ct. 109, 110, 87 L.Ed. 106; Rogan v. Taylor, 9 Cir., 136 F.2d 598, 600; stated:
“ * * * we believe that it was the intention of Congress that the matter of apportionment of the Federal Estate Tax be determined by the individual States, but that under no circumstance should payment be defeated. In order that this purpose be achieved, it appears that the general rule is to have the succession pay the tax before payment of particular legacies. * * * ”
The fact that Louisiana has not departed from the general rule is borne out by the decision in the Succession of Henderson, 211 La. 707, 30 So.2d 809, 814. With reference to Federal Estate Taxes, it was observed in the Henderson case that
" * * * The federal law, which levies the tax upon the net estate, makes no effort to apportion that tax except in the instances of life insurance passing directly to beneficiaries and certain property subject to powers of appointment. 26 U.S.C.A., Int.Rev. Code, § 826. Thus normally the full brunt of federal taxation is borne by the residuary legatee. However, under specific provisions of the federal law, the testator has full power to direct an apportioning of the federal tax amongst the various legatees in any manner he desires. Some states have enacted legislation providing for an apportionment of the federal tax between the various legatees unless the testator by will provides otherwise, Fed.Estate and 'Gift Tax Reports (CCH) Par. 3729.18, and such legislation has been sustained as not in conflict with the federal law. Riggs v. Del Drago, 1942, 317 U.S. 95, 63 S.Ct. 109, 87 L.Ed. 106, 142 A.L.R. 1131. Where neither the legislature nor the testator has provided for such an apportionment, this Court is powerless to give any relief to a residuary legatee.”
Nor may plaintiff’s demands be justified upon any reasonable interpretation of the will of the decedent. The deceased pro^ vided, in his will, in compliance with his wish that all of his debts, including administrative and legal expenses, be paid, that
“ * * * all estate taxes due to the United States, and all inheritance taxes due to any state, by my legatees, including any taxes arising from any insurance which I may leave at my death, be paid out of the mass of the estate and before distribution.”
The will finally provided that the corpus of the trust created for the benefit of the son should consist of all of his estate which was not otherwise disposed of by will.
Appellant’s contention that it was the intent of the testator that the two items of real estate should be charged with their proportionate part of any debts and taxes due by the estate is clearly contrary to the specific intent of the testator as expressed in his will. This contention, followed to its logical conclusion, would require the selling of either or both of these items of property which the testator specifically directed to be preserved. In stating that all the expenses, debts, and taxes should be paid from the mass of his estate before distribution, the testator provided for the preservation of the aforesaid property as directed in his will. Under appellant’s contention, the directives of the testator could not be accomplished; whereas, by the payment of the debts and taxes out of the remaining estate, the purpose set forth by the testator can be accomplished.
For the first time and only in brief filed in this court, appellant contends that *430 the will is null and void. Cited in support of this contention are the cases of Succession of Guillory, 232 La. 213, 94 So.2d 38; In re Succession of Meadors, La.App. 2d Cir., 1961, 135 So.2d 679. The questions thus raised were not made issues in the pleadings, were not presented to or passed upon by the trial court, and are not properly before this court, having been urged only in brief and oral argument.
However, in this regard, we may point out that the record discloses aíl the parties-litigant have, by their pleadings, as well as in their arguments in brief before this court, interpreted decedent’s will, in establishing the trusts, as encompassing only the usufruct of his estate, and, in fact, in the judgment of possession rendered on the application of all parties, the intention of the testator in that regard was clearly recognized.
For these .reasons, we find no error in the judgment sustaining the exception of no cause of action, and, accordingly, the judgment appealed should be, and it is hereby, affirmed at plaintiff-appellant’s cost.
Affirmed.