BOLÍN, Judge.
Mrs. Stella W. Singlust died testáte leaving as her sole heir her son, William W. Singlust. After making certain small legacies, which are not relevant to this case, she undertook to establish a trust of the remainder of her estate for her son during his lifetime. This litigation centers around the following provisions of the will:
* $ $ * $ *
“SIXTH: All of the rest, residue and. remainder of my property owned by me' at the date of my death wherever situated, I will and bequeath to the FIRST NATIONAL BANK OF SHREVEPORT, Shreveport, Louisiana, in trust, nevertheless, for the benefit of my son as the sole beneficiary under the provisions of the law of Louisiana applicable to trusts, and in accordance with the following stipulations :
“A. The sole beneficiary of the trust, both as to principal and income, shall be my son, WILLIAM WINTER SINGLUST. This trust shall last for the entire lifetime of my son and for at least ten years after the date of my death in the event he dies before said date. I intend to establish this trust for the longest permissible time allowed by the law of Louisiana.
“B. This trust is a spendthrift trust and the property shall be held subject to the provisions of law dealing with spendthrift trusts. The trustee may in its sole discretion accumulate all income not necessary for the beneficiary’s well being, and it shall not be required to pay out income currently except from that portion of the trust property which is the beneficiary’s legatime (sic). The trustee shall have the right to pay trust income or distribute principal assets to any person or persons for the account of, or the benefit of, the beneficiary as the trustee in its sole discretion shall deem advisable for the *12 beneficiary’s welfare. The trustee is authorized to allow my son to live in the home which I may own at the date of my death, free of cost to him during the lifetime of this trust, or said trustee may at its sole discretion dispose of said home in any way it sees fit, including its sale or lease to others. In the event of serious illness on the part of the beneficiary or members of his family, or in the event extraordinary expenditures are necessary for the welfare of the beneficiary or members of his family, the trustee shall have the right at its sole discretion to pay over principal of the trust to said beneficiary or to pay the expenses of members of the beneficiary’s family on his behalf from the principal of the trust fund upon the beneficiary delivering a written request to the trustee to pay the same. This discretion shall be exercisable only and solely by the trustee without direction or interference from any Court.”
* * * * * *
The son Instituted suit against the executor seeking to have the will declared null and void because the intended trust device allegedly contained a prohibited substitution or fidei commissum. In the event the trust was found to be valid in the first instance, plaintiff alternatively sought to have it set aside for failure to comply with Louisiana Trust Estates Act (LSA-R.S. 9:-1791 et seq.). In the further alternative he alleged the will was invalid to the extent the trust encroached upon his legitime. After the disposition of certain preliminary matters summary judgment was rendered declaring the will valid, but limiting the duration of the trust to a period of ten years from death of the testatrix. From this summary judgment both parties have appealed.
In our opinion the paramount issue to be decided is whether the will contained prohibited substitutions or. fidei commissa contrary to Article IV, § 16 of the Louisiana Constitution LSA and LSA-Civil Code Article 1520-, At the date of decedent’s death, the pertinent constitutional provision was as follows:
“No law shall be passed abolishing forced heirship; * * * No law shall' be passed authorizing the creation of substitutions, fidei commissas (sic) or trust estates; except that the legislature may authorize the creation of trust estates for a period not exceeding ten years from the settlor’s death as to a beneficiary which is not a natural person; ten years from the settlor’s death as to a beneficiary who is a natural person or until the death of the beneficiary whichever is the longer period; * *
Plaintiff’s contention that the will in question contained a prohibited substitution or fidei commissum is based primarily upon the holdings in the Succession of Guillory, 232 La. 213, 94 So.2d 38 (1957) and Succession of Meadors (La.App. 2 Cir., 1961) 135 So.2d 679. It is contended the above cases either expressly or by implication hold every testamentary trust in which property is left to a trustee with the power to sell, mortgage, exchange or pledge is a prohibited substitution or fidei commissum, particularly where the principal beneficiary is deprived of this same power during his lifetime.
We think plaintiff’s interpretation of the cited cases is unwarranted. Both cases are distinguishable from the case at bar. In the Guillory case a Texas decedent left the residue of her estate in trust with a Texas bank and the trustee was instructed to hold and manage the property for the benefit of her son during his lifetime, and then further provided: “at the death of my son * * * I give, devise, and bequeath the remainder of my estate * * * to the Baptist General Convention of the State of Louisiana.”
The Supreme Court held the bequest in question was a prohibited substitution and as such violative of the public policy *13 expressed in our constitutional and statutory law. The prohibited substitution was said to occur when the testatrix attempted to make a second bequest of the same property after the death of her son, who was the income beneficiary of the trust, to the Baptist General Convention, title to which was to come into existence only after his death.
In the Meadors case a Tennessee decedent bequeathed his residuary estate to a Tennessee bank in trust for the benefit of his wife and sister during their lifetimes. At the death of both the wife and sister, the trustee was instructed to distribute the property as follows:
“All of my Trust Estate and trust property shall go to my heirs at law and next of kin as determined by the Laws of Descent and Distribution of the State of Tennessee, and my Trustee shall distribute and deliver the said property to said persons entitled to the same.”
This court concluded the will contained a prohibited substitution by attempting to transfer property to heirs, whose title would spring into existence only after the wife and sister had died. Our decision was based squarely on the holding in the Guil-lory case. It is difficult to conceive how the court could have been more explicit in expressing its intentions, especially in light of the following findings:
“Thus it is seen that the Legislature and the people have sought to retain our traditional prohibitions against substitutions, fidei commissa, and trust estates except to the very limited extent expressly provided for in the Trust Estate Law. Therefore, if a trust device is incorporated in a testamentary trust, and that trust device is not expressly permitted by our Trust Estates Law or is recognizable as creating a prohibited substitution, that portion of the will containing the trust device must be held to be a nullity.” (Emphasis supplied by the court in the Meadors case.)
* * * * * *
In the instant case Mrs. Singlust left her residuary estate in trust for the benefit of her son for his lifetime, which is specifically authorized by the constitutional provisions cited supra. She did not attempt to further dispose of the property or control its ultimate disposition at the termination of the trust as was done in the Guillory and Meadors cases. Accordingly, we conclude the will cannot be invalidated as containing a prohibited substitution or fidei commis-sum.
Plaintiff alternatively asserts the alleged trust device does not comply with the Trust Estates Act in the following particulars :
1. It provided for no “Principal Beneficiary” as required by LSA-R.S. 9:1792(10);
2. There was no beneficiary designated who was living at the time the trust was created as required by LSA-R.S. 9:1902.
Relevant to the first alternative contention is LSA-R.S. 9:1792, (9) and (10):
“(9) ‘Principal’ means the original trust property, and any property into which it may be converted, and any substitutions therefor which are eventually to be conveyed, delivered or paid to a beneficiary, while the return therefrom or use thereof or any part of such return or use in the meantime is to be taken or received by or held for accumulation for the same or another beneficiary.
“(10) ‘Principal beneficiary’ means the beneficiary ultimately entitled to the principal, whether named or designated by the terms of the trust or determined by operation of law.”
******
Plaintiff says William W. Singlust will never be “ultimately entitled to the princi *14 pal” because the property will remain in trust throughout his lifetime. It is true legal title to the property was transferred to the trustee during the entire lifetime of William Singlust. This disposition was under the authority of LSA-R.S. 9:1811, and in conformity with the constitutional provision that a trust can last “until the death of the beneficiary.” However, Mrs. Singlust’s will provides her son is the sole beneficiary of both principal and income. A trust cannot be established for a beneficiary’s lifetime and still have it terminate prior to his death. The possibilities are mutually exclusive. The testatrix’s will clearly manifested her desire to establish a trust for her son’s benefit for the longest permissible time allowed by law. We find her son was the principal beneficiary under the trust.
Plaintiff next contends the trust was invalid because the principal beneficiary was not in being at the time the trust was created. Cited as authority for this contention is LSA-R.S. 9:1902, which provides :
“A person who is not in being and definitely ascertained at the time of the creation of the trust shall not be a beneficiary of the trust, provided, however, that where tire beneficiary is a natural person he shall be deemed to be in being and definitely ascertained, within the meaning of this section, if he be conceived at the time the trust is created and he be born alive.”
The fallacy of plaintiff’s argument here is that he construes the person or persons that need be in existence as being “the heirs and legatees of the son” rather than the son. William Singlust was the principal beneficiary and since he was in existence at the time of the creation of the trust this argument has no merit.
Plaintiff further alternatively contends the Trust Estates Act is unconstitutional as abolishing the constitutional safeguards of forced heirship. A similar argument was made in the case of Succession of Earhart, 220 La. 817, 57 So.2d 695 (1952). There the testator bequeathed property to his forced heirs, subject to a trust. Among other grounds the trust provisions of the will were attacked insofar as the legitime of the forced heirs was concerned. In answering this argument the court said:
“ * * * We find contained in this same provision of the constitution, which forbids the abolishment of forced heirship, authority granted the legislature to create trust estates for a period not exceeding ten years after the death of the donor. The framers of the constitution evidently contemplated that the creation of such trust estates was not the abolishing of forced heirship. To construe the provisions of this article of the constitution otherwise would be tantamount to accusing them of folly. The words, ‘no law shall be passed abolishing forced heirship/ mean exactly what they say, in other words, that forced heirship cannot be done away with wholly, wiped out or destroyed. This provision does not prohibit the legislature from regulating or restricting the rights of forced heirs. * * * ”
We think the holding in the Earhart case is authority for rejecting plaintiff’s claim that the Trust Estates Act is unconstitutional as encroaching upon his legitime.
It is conceded by all parties that if the will is held to establish a valid trust, that the ruling of the trial judge limiting the duration of same to a period of ten years from the death of the testatrix is erroneous. The applicable constitutional amendment clearly authorized the creation of trusts for a period of “ * * * ten years from the settlor’s death as to the beneficiary who is a natural person or until the death of the beneficiary whichever is the longer period * * (Emphasis ours.) Unquestionably, therefore, since the trust is valid, *15 the duration thereof in the instant case will be until the death of the son.
For the reasons assigned the judgment appealed from is reversed, annulled and set aside and the demands of the plaintiff, William W. Singlust against defendant, The Succession of Stella Winters Singlust, represented by its Executor, The First National Bank of Shreveport, are rejected at plaintiff’s costs.
Reversed and rendered.