BARHAM, Justice
(concurring).
We had simply to determine in this case whether the entire will was invalid because *72 one bequest had been declared a prohibited substitution in a judgment approved by this court in earlier litigation and now the law of the case. Succession of Walters, La. App., 202 So.2d 410 (4th Cir. 1967), writs refused 251 La. 395, 204 So.2d 575.
The majority has held that only the bequest found to contain a substitution is invalid, and that the remainder of the will is to be given full effect. The result is correct. However, I am compelled to point out certain errors in the opinion.
First, the majority cites Planiol and erroneously determines that the result reached by the French authorities under the corresponding article of the French Code, Article 896, is supportive of and in line with our prior jurisprudential interpretation of our Article 1520. Planiol fully discloses the essential difference not only in the French article but also in the divergent and vacillating French jurisprudence which emerged from it. 3 Pt. 2 Planiol, Traite Élémentaire de Droit Civil (La.St. Law Inst. tr. 1959) §§ 3264-98. This distinction is drawn more clearly in 3 Aubry and Rau, Droit Civil Franqais (tr. by Lazarus 1969) § 694, with Louisiana’s difference noted at footnote 1. Even John Tucker, Jr., in his argument that the courts should have resorted to French doctrine and jurisprudence for guidance in interpreting our Article 1520 so as to uphold trusts before the Trust Code was adopted, acknowledged that our article was derived in part from and because of Spanish law (the trebellianic portion), citing Las Siete Partidas, Bk. 6, Tit. V, Law XIV. Tucker, Substitutions, Fideicommissa and Trusts in Louisiana Law, 24 La.L.Rev. 439.
Moreover, the quotation from Planiol in the majority’s footnote 2 as to the disposition to be made when “a universal bequest is burdened with a substitution” is totally inapplicable to the bequest we consider and have heretofore called a substitution. In France the bequest in this case would not be a substitution but a permissible fidei commissum de residuo since it lacks one of the three elements of the French substitution, a charge to preserve.[1]
Second, that portion of Article 1520 quoted by the majority was taken from that article prior to its amendment in 1962. The majority’s discussion of the issue is also based upon the form of the article before amendment. As the prior court proceedings in this case recognized, all determinations on the testament in this instance are to be made under the 1962 amendment to Article 1520 since the testatrix died on April 2, 1964.
*74 Article 1520 formerly prohibited “substitutions and fidei commissa”, but in order to make way for the enactment of the Trust Code certain changes were made in this article as well as in Article IV, Section 16, of the Constitution. The prohibition against fidei commissa was deleted, and the paragraph abolishing as part of our law the trebellianic portion was omitted. The paragraph from which the majority quoted in part now reads in full:
“Every disposition not in trust by which the donee, the heir, or legatee is charged to preserve for and to return a thing to a third person is null, even with regard to the donee, the instituted heir or the legatee.” (Emphasis supplied.)
That portion of the article quoted by the majority omits the phrase “not in trust” and uses the disjunctive “or” instead of the conjunctive “and”.
In an attempt to recognize a distinction in substitutions and fidei commissa, too much has already been written by too many on Article 1520 for clarity to exist. That problem should not be further compounded through obiter dictum about the nullity of bequests containing fidei commissa when they are no longer prohibited. Yet there is extensive discussion throughout the majority opinion about the difference of the effect upon testaments containing prohibited substitutions and fidei commissa in the attempt to dispose of erroneous obiter dicta in other decisions.
One final point should be made. While I realize that the conclusion that the disposition in question is a prohibited substitution is the law of this case,[2] a reexamination of our present Code Article 1520 is called for in light of the adoption of the Trust Code. Since much of the basis of the jurisprudence defining and applying the law of former Article 1520 was focused on prohibiting the common law trust, now adopted to some extent in our Trust Code, reassessment is warranted. More important, we should reexamine the article in light of the express legislative changes which appear to demand at least some modification of what now constitutes a substitution. The change of the disjunctive “or” to the conjunctive “and” certainly redefines substitutions. The omission of fidei commissa from the prohibition clause gives rise to a possible new definition of fidei commissa.
French jurisprudence and doctrine could well apply under our new Code article *76 since it is now almost identical with the French Code Article 896. Substitutions in France must contain the elements set forth in footnote 1. Fiduciary bequests lacking one of these elements are permitted in France. We in Louisiana need not hold that all fiduciary arrangements except those permitted by the Trust Code and those which are merely precatory suggestions are substitutions.
Our definition of fidei commissum stems largely from Succession of Reilly, 136 La. 347, 67 So. 27, which actually decided only that a bequest with a precatory suggestion was a fidei commissum; it did not decide that only a bequest with a precatory suggestion could constitute a fidei commissum, and that all other fiduciary arrangements were substitutions. Cf. In Re Courtin, 144 La. 971, 81 So. 457. Yet that is the proposition for which Reilly has been repeatedly cited. It is from this interpretation that the jurisprudence evolved that all other fiduciary arrangements are substitutions.
Now that fidei commissa are no longer prohibited and the double charge to preserve and transfer are expressed as definitive of a substitution, we could very well resolve that all bequests not containing these elements are valid, and more particularly that a fidei commissum in residuo is valid.[3]
However, a reexamination of Civil Code Article 1520 must now await the proper case and the precise issue. I do not believe that the majority here intended this decision to open the way to such a reevaluation. Indeed, it could not since it failed to recognize the change in the law by the 1962 amendment.
For these reasons I respectfully concur.

. In France a substitution contains the following elements: A double gratuity with a period of time fixing the first and second gratuities successively, and not one as a substitute for the other; a charge on the first fiduciary both to preserve and to transfer; and finally the accrual of the right to the second beneficiary upon the death of the first.

. The Court of Appeal in Succession of Walters, 202 So.2d 410 (4th Cir. 1967), applied only Succession of Guillory, 232 La. 213, 94 So.2d 38 (1957); In re Succession of Meadors, La.App., 135 So.2d 679 (2nd Cir. 1961), writs refused; and Succession of Simms, 250 La. 177, 195 So.2d 114 (1967), to the 1962 amendment to Article 1520 and R.S. 9 :1903, a part of the Trust Estates Law. In so doing it reached the correct result. The Trust Code of 1964, if applicable, could have called for a different result — at least a different approach.

. Unfortunately, I did not recognize this serious issue when it was raised in Crichton v. Succession of Gredler, 256 La. 156, 235 So.2d 411 (1970), although a strong argument was made by Professor Le Van on this point in his brief under Assignment of Error No. 4. However, the bequest in that case may have carried the double charge of a substitution since the trustee who was interposed, although he could use the corpus as well as the fruits for the first beneficiary, was obligated to transfer the remainder to the second beneficiary. The trustee’s obligation to act as a prudent administrator for Tioth beneficiaries may impose a legal as well as a moral charge to preserve for the second beneficiary, thus supplying the double charge and negating the fidei commissum de residuo.